# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN  DIVISION

ANTHONY GARNER,          )
                                    )
          Petitioner,        )
                                    )
      vs.                     )     Case No.  12-0996-CV-W-BCW-P
                                    )
CHRIS KOSTER,            )
                                    )
          Respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction and one-year sentence for possession of a controlled substance (marijuana), which was entered in the Circuit Court of Jackson County, Missouri, on July 18, 2012. In that case, the state court sentenced petitioner to one year imprisonment in the Jackson County Detention Center concurrent to all other sentences and judicially paroled petitioner to the custody of the United States Bureau of Prisons (BOP) to serve a sentence in United States v. Garner, Case No. 10-00087-04-CR-W-HFS.  Petitioner currently is serving his federal sentence of 37 months imprisonment in the BOP for conspiracy to distribute cocaine base and marijuana at the Metropolitan Correctional Center (MCC) in Chicago, Illinois.

Petitioner's sole ground for relief is that he was not brought to trial within 180 days after he allegedly delivered to the warden and the prosecuting attorney of Jackson County, Missouri, written notice of his place of imprisonment and after he requested final disposition of his indictment as required under the Interstate Agreement on Detainers Act (IADA).  Petitioner contends that his state court conviction should be overturned with prejudice.  Doc. No. 1, p. 12.

Respondent argues that petitioner does not state a cognizable claim because a violation of

the IADA without a separate showing that the Sixth Amendment speedy trial requirement has been violated does not justify federal habeas corpus relief. Respondent also argues that petitioner's knowing and voluntary guilty plea waived his right to a speedy trial because the right to a speedy trial is non-jurisdictional. See Cox v. Lockhart, 970 F. 2d 448, 453 (8th Cir. 1992). Doc. No. 7, p. 3.

Petitioner's claim regarding the operation of the Uniform Mandatory Disposition of Detainers Law, Mo. Rev. Stat. § 217.490, is not cognizable in federal habeas corpus without a separate showing that the Sixth Amendment speedy trial laws have been violated. Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994), cert. denied, 514 U.S. 1024 (1995) ( holding that it is not the province of the federal habeas court to reexamine state court determinations on state law questions). In determining whether a Sixth Amendment violation occurred, this Court reviews petitioner's claim under the standard established in Barker v. Wingo, 407 U.S. 514 (1972), which requires a court to consider the length of the delay, the reason for the delay, whether petitioner asserted his right to a speedy trial, and whether petitioner was prejudiced by the delay.

Petitioner's conclusory allegations do not demonstrate that his right to a speedy trial under the United States Constitution was violated. See Reynolds v. Leapley, 52 F.3d 762, 764 (8th Cir. 1995) (nine year delay in bringing defendant to trial did not violate the Sixth Amendment). In fact, petitioner has failed to allege, let alone demonstrate, that he suffered any prejudice in his ability to prepare a defense or to prosecute an appeal based on the unspecified delay.[1] The petition for writ of habeas corpus will be denied.

---

[1] Pursuant to the terms of his state court guilty plea, petitioner is serving his one-year state sentence concurrently with his 37-month federal sentence.

It is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

 /s/ Brian C. Wimes

BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: November 6, 2012.